## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| ROGER ROBINSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT NAVAR, INDIVIDUALLY AND FORMERLY D/B/A DALLAS TICKET LAWYER, AND HADAVI ENTERPRISES, INC.<br><br>　　　　　　Defendants. | C.A. NO.: 3:17-CV-44<br><br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

Plaintiff Roger Robinson ("Robinson"), by and through his undersigned attorneys, states his claims against Defendants Robert Navar, individually and formerly d/b/a Dallas Ticket Lawyer ("Navar"), and Hadavi Enterprises, Inc. ("Hadavi") as follows:

### PARTIES

1.　　Plaintiff Roger Robinson is an individual who resides in Frisco, Texas.

2.　　Defendant Robert Navar, formerly d/b/a Dallas Ticket Lawyer at all times relevant to the claims and actions herein, is currently doing business as El Paso Traffic Ticket Firm, with an office in El Paso, Texas, located at 11860 Vista del Sol #119, El Paso, TX

1

79936. Navar may be served at this address, if he declines to waive personal service of process.

3.      Hadavi Enterprises, Inc. is a corporation formed in, and doing business in the State of Texas, listing its primary office location at 1538 Bengal Drive, El Paso, Texas 79935-4308.  If this Defendant declines to waive personal service of process, it may be served through its Registered Agent, David Hadavi at 901 West Parker, Suite 901, Plano, Texas 75086.

## JURISDICTION, AND VENUE

4.      This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*  This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

5.      This Court has personal jurisdiction over Navar by virtue of his presence in this District and his transacting, doing, and/or soliciting business in this District at the time the incident occurred.  Additionally, this Court has personal jurisdiction over Hadavi by virtue of its presence and its primary business location in this District, as well as its transacting, doing, and soliciting business in the District.

6.      Venue is proper under 28 U.S.C. § 1391 (b)(2-3), (c)(2), and (d), and 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND

7.    Plaintiff Roger Robinson is a photographer who licenses his photographs.

8.    Navar is a lawyer, licensed in the State of Texas, who conducts business in the State of Texas, including marketing, advertising, and offering legal services in El Paso, and at all times relevant to the claims and actions in this lawsuit, in Frisco and Dallas, Texas.

9.    At all times relevant to the claims and actions herein, Hadavi Enterprises, Inc. has conducted business in the State of Texas, including marketing, advertising, search engine optimization (SEO), and web development and design services.

10.    During the relevant period, Robinson took various photographs of the city of Frisco, Texas, and nearby areas, including the photograph shown below:



(Referenced hereinafter as the "Photograph" and incorporated by each reference.)

11.     Beginning in January 2013, Robinson displayed the Photograph on the website he owns and from which he licenses his photography to willing licensees who pay for these licenses. Plaintiff's website is located at http://www.picturesoffrisco.com (the "Website").

12.     In or about March of 2014, Robinson discovered that Navar had reproduced and, without authorization from Plaintiff, was displaying the Photograph on Navar's own business website, located at http://friscotraffic.dallasticketlawyer.com (hereinafter, the "Dallas Ticket Lawyer Site"), as shown below (the "Uses").

a) Defendants' Use:



http://friscotraffic.dallasticketlawyer.com/.

b) Defendants' additional Use:



http://friscotraffic.dallasticketlawyer.com/taxonomy/term/22.

13.     Navar also caused Robinson's Photograph to be reproduced, displayed, and distributed, without Plaintiff's authorization, on other websites, specifically regarding Navar's business listing on Ebay ("Ebay Listing"), as shown below (the "Ebay Uses"):



http://dallas.ebayclassifieds.com/legal/frisco/frisco-traffic-ticket-attorney/?ad=31417218.

14.    Navar displayed the Uses and the Ebay Uses, (collectively referred to herein as the "Infringements") without licensing the images from Plaintiff, and moreover, without any attribution to Robinson.

15.    Robinson, via his attorney, notified Navar of the Infringements on March 17, 2014 but received no response from this Defendant.  Plaintiff sent a second notification by email on March 29, 2014.

16.    On or about April 1, 2014, Robinson, via his attorneys, received a phone call from Defendant Hadavi's President and Founder, who admitted that Hadavi was the web developer for Navar.  Hadavi admitted the infringing Uses and Ebay Uses by the

Defendants when he stated that Plaintiff's Photograph was, in fact, being used as a "placeholder" on both the Dallas Ticket Lawyer Site and the Ebay Site.

17.    Even after Plaintiff's notifications of Infringements of the Photograph and Defendant Hadavi's admission of the Infringements, Defendants Navar and Hadavi continued their Infringements by using Plaintiff's Photograph, at least two additional times, when Defendants made further unauthorized Uses and Ebay Uses in advertisements on the Ebay Site, as shown below:



Infringing Uses and/or Ebay Uses live, on or around August 6, 2014.

18.    Defendants' continued Infringements after notice;:



Infringing Uses and/or Ebay Uses live on or around November 17, 2014.

19.    In response to Plaintiff's additional contacts, on December 18, 2014, Hadavi, through its principal, David Hadavi, admitted to Robinson's attorneys that Hadavi in fact owned the domain and that Hadavi created the website on behalf of Navar.  The available online domain records corroborate this admission.

20.    On information, Navar and Hadavi reproduced, displayed, and distributed the Infringements to advertise Navar's legal services business as a Dallas ticket lawyer.

21.    On information, Hadavi reproduced, displayed, and distributed the Infringements to further his own business enterprise, domain hosting and website creation and maintenance.

22.    Upon information and belief, Defendants Navar and Hadavi had both the legal right and the ability to stop their direct, continuing, and willful infringement of the Photograph, but failed to do so.

23.    Upon information and belief, Navar gained a direct financial benefit from the direct Infringements of the Photograph.

24.    Upon information and belief, Hadavi gained a direct financial benefit from the direct Infringements of the Photograph.

25.    The Photograph in perspective, orientation, positioning, lighting and other details is entirely original, distinctive, and unique.  As such, the Photograph is subject matter protectable under the Copyright Act.

26.    Robinson is and always has been the sole proprietor of all rights, title, and interest in and to the copyrights in the Photograph.  Robinson is the author of and the owner of the copyright of the Photograph pursuant to 17 U.S.C. § 201.

27.    Robinson never authorized either Defendant Navar nor Defendant Hadavi to reproduce, display, create derivative works of, or distribute the Photograph.

28.    Robinson complied with all respects with the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, as amended, and all other laws and regulations governing copyrights and secured the exclusive rights and privileges in and to the copyrights for the Photograph.

29.    The Register of Copyrights for the U.S. Copyright Office issued to Robinson the Certificate of Registration for the copyright to the Photograph, registration number VA 1-806-896, effective January 2, 2012.  Robinson held this certificate at all times relevant to the claims and actions herein.

<u>CAUSES OF ACTION AND RELIEF SOUGHT</u>

<u>Copyright Infringement – 17 U.S.C. §§ 101 *et seq*.</u>

30.    Robinson re-alleges and incorporates by reference paragraphs 1 through 29 above.

31.    Defendants Navar and Hadavi violated Robinson's exclusive rights granted in 17 U.S.C. §106, to: (1) reproduce the copyrighted work in copies; (2) display the copyrighted work publicly; and (3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

32.    As Robinson discovered the Infringements in or around March 2014, and Defendants Navar and Hadavi continued to reproduce, display, and distribute the Infringements at least until at least November 2014, all claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

33.    As a direct and proximate result of its wrongful conduct, Defendants Navar and Hadavi have realized profits derived from their reproduction, display, and distribution of

the Photograph.   Accordingly, Robinson is entitled to and seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

34.    In the alternative, Robinson is entitled to and seeks statutory damages for Defendants Navar and Hadavai's infringement of the Photograph, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

35.    Defendants Navar and Hadavi induced, caused, and materially contributed to the direct copyright infringement of the Photograph.

**Vicarious Liability – Defendant Navar**

36.    As Defendant Navar had both the legal right and the ability to stop the direct infringement of the Photograph and gained a direct financial benefit from the direct infringement of the Photograph, Navar is vicariously liable for the Infringements by his co-defendant, as well as being directly liable.

**Willful Infringements support Enhanced Statutory Damages**

37.    The Infringements by Defendants Navar and Hadavi was willful and performed with knowledge that the reproduction, display, and distribution of the Photograph was unauthorized, and continued such Infringements after being notified of the Infringements; Robinson is therefore entitled to the recovery of enhanced statutory damages against Defendants, jointly and severally, pursuant to 17 U.S.C. 504 (c)(2).

## PRAYER FOR RELIEF

For the reasons set forth herein and which will be shown upon evidence to this Honorable Court and/or jury, Robinson prays that this Honorable Court:

a)      Issue an order that Navar and Hadavi's unauthorized conduct violates Robinson's rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

b)      Order Navar and Hadavi to account to Robinson for all gains, profits, and advantages derived from its copyright infringement of the Photograph;

c)      Order Navar and Hadavi to pay Robinson all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (along with interest at the highest legal rate) for its copyright infringement of the Photograph; alternatively, award maximum statutory damages in the amount of $30,000 by each Defendant for each Defendant's copyright infringement of the Photograph pursuant to 17 U.S.C. § 504(c)(1); or award such other amount as may be proper pursuant to 17 U.S.C. § 504;

d)      Award Robinson maximum statutory damages in the amount of $150,000 for the willful copyright infringement by Defendants Navar and Hadavi of the Photograph pursuant to 17 U.S.C. § 504(c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

e)      Order Navar and Hadavi to pay Robinson his costs of litigation and reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203;

f)      Order Navar and Hadavi to deliver to Robinson all copies of the Photograph and all other materials in its possession, custody or control containing infringing copies of the Photograph;

g)      Order Navar and Hadavi, its agents, and its servants to be enjoined during the pendency of this action and permanently from infringing the copyrights of Robinson in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photograph; and

h)      Order such other and further relief as this Honorable Court deems just and equitable.

**Robinson demands a jury trial.**

                              Respectfully submitted,

                              The Pam Rea Law Firm, PLLC

                               _____/s/___*Pam Rea*_____
                              Pam Rea
                              Texas Bar No. 00792790
                              Federal Id. No. 20799
                              7676 Hillmont Street, Suite 240O
                              Houston, Texas 77040
                              (281) 826-2732
                              (713) 782-5002 – Facsimile
                              Email: **pamrea@pamrealaw.com**

                              Attorney in Charge
                              *for Plaintiff Roger Robinson*